UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOEY VERDIN                        *          CIVIL ACTION

VERSUS                             *          NO: 06-0116

BP CORPORATION NORTH               *          SECTION: "D"(1)
AMERICA, INC.

**<u>ORDER AND REASONS</u>**

Before the court is the **"Motion for Summary Judgment"** filed by Defendant, BP Corporation North America, Inc. (BP) and opposed by Plaintiff, Joey Verdin.  The motion, set for hearing on Wednesday, January 3, 2007, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied because after applying the *Ruiz*[1] Factors, the court finds that there are genuine issues of material fact as to whether Plaintiff is BP's borrowed servant.

In making this finding, the court has considered the parties' court-ordered supplemental memoranda addressing the applicability of "<u>Article 16, LOUISIANA STATUTORY EMPLOYEE</u>" (contained in the

---

[1]     *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312 (5th Cir. 1969).

subject "Master Maintenance and Construction Services Contract" between BP and Crown Oilfield Services, Inc.) on the issue of whether BP is the statutory employer of Plaintiff, when said Article 16 is read *in pari materia* with LSA-R.S. 23:1061 (A)(2) & (3).  After considering these supplemental memoranda, the court concluded that because the subject accident allegedly occurred on a fixed platform on the Outer Continental Shelf, the Longshore and Harbor Workers' Compensation Act (33 U.S.C. §901 *et seq.*), and not the Louisiana Workers' Compensation Act (LSA-R.S. 23: 1031 *et. seq.*), provides the applicable workers' compensation law in this matter.  *See* Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. §1333(b); and LSA-R.S. 23:1035.2.

Further, "under OCSLA, [a] Contract's choice of law provision is of no moment because the parties' choice of law will not trump the choice of laws scheme provided by Congress in OCSLA."  *Texaco Exploration & Production, Inc. v. AmClyde Engineered Products Co., Inc.*, 448 F.3d 760, 772, n. 8 (5th Cir. 2006).  Thus, Article 16 of the "Master Maintenance and Construction Services Contract" between BP and Crown Oilfield Services, Inc. is inapplicable in the determination of whether or not BP is the statutory employer of Plaintiff in this case.

Finally, with regard to BP's alternative position argued in its **"Motion for Summary Judgment"** that Plaintiff cannot prove its

negligence claim against BP, the court finds that there are genuine issues of material fact.[2]

Accordingly;

**IT IS ORDERED** that BP's **"Motion for Summary Judgment"** be and is hereby **DENIED.**

New Orleans, Louisiana, this **11th** day of **January, 2007.**

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　A.J. MCNAMARA
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2]   However, this finding should not be construed as to how the court would rule on a Motion for Judgment as a Matter of Law (made pursuant Fed. R. Civ. Proc. 50(a)) after hearing the evidence presented at Trial.